## MARINE DENIS v. JOSEPH BARTHELEMY RAMOUIN.

Where there has been no express imputation, a payment must be imputed to the most onerous debt.

A debt contracted as surety for another is not necessarily less onerous than one due as principal; and where there has been no express imputation, a payment is not necessarily to be imputed to a debt due in the latter capacity, rather than to one due in the former. Whether a debt be more or less onerous, depends on the interest the debtor has in discharging it.

THE defendant is appellant from a judgment of the District Court of Iberville, *Nicholls*, J.

*Edwards*, for the plaintiff.

*Janin*, for the appellant, contended that the payment should be imputed to the personal debt of Blanchard, as more onerous than one due by him as surety. Civ. Code, 2162. 12 Duranton, art. 199, No. 7. 7 Toullier, art. 179.

BULLARD, J. The appellant, Ramouin, having in 1832 recovered a judgment against Narcisse Blanchard and Drausin Allain, which was recorded so as to operate as a judicial mortgage upon their property, took out his order of seizure and sale against a tract of land which had belonged to one of the debtors, but which is now in possession of the appellee. The third possessor made opposition and obtained an injunction against the order of seizure on the ground, that the mortgage had been extinguished and paid in the following manner, to wit: that Blanchard, one of the defendants, paid to Ramouin, in August, 1832, the sum of $1865 54, including the amount of the judgment against him and Allain, by a transfer to him of a debt due to Blanchard by Pritchard ; and that Pritchard has long since paid the amount. This fact appearing to be satisfactorily proved, the court below perpetuated the injunction ; and the plaintiff in the summary proceedings has appealed.

It appears that the sum which Ramouin received under this delegation, was not sufficient to pay the whole of his claims against Blanchard, including the judgment which had been recorded as a mortgage, and that the payment was made without any express imputation. The appellee contended successfully in the court below, that the payment should be imputed first to the judgment debt, as the most onerous. To this it is replied and urged in this court, that

the debt of Narcisse Blanchard, for which judgment had been rendered, was a security debt, and that the imputation should be made first to his own personal debts, as those which he had the greatest interest to pay.

It may be true that a judgment does not change the relative position of parties, and that a surety remains so even after judgment recovered against him, so far as it concerns his co-obligors; but as it relates to the creditors, we cannot recognize any distinction. Whatever may be the origin or consideration of a debt, it is still a debt, and whether the more or the less onerous will not depend on the question, whether it is a security debt, but whether the debtor has a greater interest in discharging it. This debt created a mortgage upon all the real estate of the defendant, and bore an interest of ten per cent. No other debt due at the time was shown to be equally burdensome. The court, in our opinion, did not err.

*Judgment affirmed.*